**Deanna BIGONI, Plaintiff,**

v.

**PAY 'N PAK STORES, INC., a foreign corporation; and Roger Hatch, Defendants.**

**Civ. No. 88–1162–FR.**

United States District Court, D. Oregon.

Sept. 10, 1990.

See also 132 F.R.D. 556.

Charles J. Merten, Merten & Associates, Portland, Or., for plaintiff.

E. Sean Donahue, Carol J. Bernick, Davis Wright Tremaine, Portland, Or., Michael Reiss, Michael J. Kileen, Davis Wright Tremaine, Seattle, Wash., for defendant Pay 'N Pak Stores, Inc.

Steven N. Bogdon, Marsh, Higgins & Foster, Vancouver, Wash., for defendant Roger Hatch.

### OPINION AND ORDER

FRYE, District Judge:

In the matter before the court, defendant Pay 'N Pak Stores, Inc. (Pay 'N Pak) moves the court to direct entry of final judgment for Pay 'N Pak on plaintiff's claim for the intentional infliction of emotional distress pursuant to Fed.R.Civ.P. 54(b).

In an order filed June 21, 1990, this court granted Pay 'N Pak's motion for summary judgment on plaintiff's claim for the intentional infliction of emotional distress, but denied the motion for summary judgment of defendant Roger Hatch on this same claim. On that same date, this court granted plaintiff's motion to file an amended complaint to include a claim against Pay 'N Pak of the negligent retention of Hatch as an employee. The negligent retention claim against Pay 'N Pak and the claim against Hatch for the intentional infliction of emotional distress remain to be resolved in the case.

Pay 'N Pak moves the court for the entry of final judgment pursuant to Fed.R.

Civ.P. 54(b) regarding the claim for the intentional infliction of emotional distress against Pay 'N Pak. Pay 'N Pak asserts that the ruling of June 21, 1990 fully disposes of the dispute between Pay 'N Pak and plaintiff on the claim for the intentional infliction of emotional distress, and that final judgment should be entered.

Plaintiff opposes the entry of final judgment on the grounds that there is no need for the entry of judgment on this single claim, and it would only promote piecemeal appeals to do so at this stage in the proceedings.

Fed.R.Civ.P. 54(b) states that "[w]hen more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The court concludes that there is no reason for this court to enter judgment pursuant to Fed.R.Civ.P. 54(b) at this stage in these proceedings. The litigation between these two parties continues, and related litigation with Hatch continues. It would result in piecemeal appeals and the inefficient use of resources to enter judgment on this claim at this time.

Pay 'N Pak's motion for the entry of judgment (#99) is denied.

IT IS SO ORDERED.